[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13309
Non-Argument Calendar
_____

Agency No. A208-752-974


CRISTIAN ARTURO LOPEZ-AREVALO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 27, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Christian Arturo Lopez-Arevalo ("Arevalo"), a native and citizen of El Salvador, petitions this Court for review of the Board of Immigration Appeals' ("BIA") determination that he did not establish eligibility for asylum, withholding of removal, or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). On appeal, Arevalo argues that his credible testimony that the Mara Salvatrucha ("MS-13") threatened to harm his family if they did not repay money that his brother had stolen, that the family fled from their home to avoid harm, and that the gang killed his uncle shortly after Arevalo left El Salvador provided substantial evidence for a finding that he suffered past persecution and had a well-founded fear of future persecution on account of his family relationship with his brother.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the Immigration Judge's ("IJ") decision or relied on its reasoning. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Here, the BIA did not expressly adopt the IJ's opinion or rely on its reasoning, and thus we review only the BIA's decision. *Id.* In a petition for review of a BIA decision, we review conclusions of law *de novo* and factual determinations under the substantial evidence test. *Id.* Issues not decided by the BIA are not properly before this Court. *Id.* In addition, where the agency does not discredit an asylum seeker's testimony, we accept that testimony as credible. *See Kazemzadeh v. U.S.*

2

*Att'y Gen.*, 577 F.3d 1341, 1354 (11th Cir. 2009) (noting that the government could not argue on appeal that an asylum seeker's testimony was less than credible where neither the BIA nor the IJ discredited his testimony).

The substantial-evidence test requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026−27 (11th Cir. 2004) (*en banc*). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817–18 (11th Cir. 2004) (quotation marks omitted). To reverse fact findings, we "must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

The Attorney General or Secretary of the Department of Homeland Security ("DHS") has discretion to grant asylum if the alien meets the Immigration and Nationality Act's ("INA") definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is one who is unable or unwilling to return to his home country, and is unable or unwilling to avail himself of the protection of his home country, because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant

carries the burden of proving statutory "refugee" status.  INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).  To meet this burden, the applicant must present evidence establishing past persecution on account of a statutorily protected ground or a well-founded fear that the alien will be persecuted on account of a protected ground.  INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).

Persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005).  Accordingly, we have held that menacing phone calls and threats to an applicant and her family did not rise to the level of past persecution that would compel a finding in the applicant's favor.  *Id.*  Similarly, we concluded that record evidence did not compel a finding of past persecution where the record showed that the applicant was detained for five days and subjected to some physical abuse, but there was no evidence that the petitioner was hurt while detained.  *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290–91 (11th Cir. 2006).  To establish a well-founded fear of future persecution, the applicant must demonstrate that his fear is both subjectively genuine and objectively reasonable.  *Sepulveda*, 401 F.3d at 1231.  A showing of past persecution creates a presumption of a well-founded fear of future persecution, which the government may rebut.  *Id.*

The BIA has held that a "particular social group" refers to persons who share a common, immutable characteristic, such as sex, color, or kinship ties, or in some

4

circumstances a shared past experience such as former military leadership or land ownership. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1193 (11th Cir. 2006); *id.* at 1196 (deferring to the BIA's formulation of "particular social group"). Furthermore, the group must have sufficient "social visibility," and persecution based on membership in a particular social group should not be defined so broadly that it becomes "a catch-all for all groups who might claim persecution." *Id.* at 1196–97.

The asylum applicant must show a nexus between the persecution he suffered or fears and a statutorily protected ground by offering credible, direct, and specific evidence in the record. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). The alien must demonstrate that one of the enumerated grounds "was or will be at least one central reason for persecuting the applicant." INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). Evidence consistent with a finding that the alien was persecuted based on a refusal to cooperate with the persecutors or was a victim of criminal activity is insufficient to show that an enumerated ground was one central reason for persecution. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257−58 (11th Cir. 2006); *see also Matter of J–B–N & S–M–,* 24 I. & N. Dec. 208, 214 (BIA 2007) (interpreting the phrase "central reason" to require that the protected ground not be "incidental, tangential, superficial, or subordinate to another reason for harm").

To obtain withholding of removal, an applicant must establish that his life or freedom would be threatened in the proposed country of removal because of his race, religion, nationality, membership in a particular social group, or political opinion.  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).  The standard for withholding of removal is more stringent than the "well-founded fear of future persecution" standard required for asylum.  *Rodriguez Morales*, 488 F.3d at 891.  The alien must show that there is a clear probability of persecution if the alien is returned to his home country.  *Id.*  If the alien establishes past persecution, it is presumed that his life or freedom would be threatened if removed unless the government rebuts the presumption by a preponderance of the evidence.  8 C.F.R. § 208.16(b).

To qualify for protection under the CAT, an alien must establish that he more likely than not will be tortured at the instigation of or with the consent or acquiescence of government authorities if removed to his home country.  *Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1292–93 (11th Cir. 2014).  An alien who cannot meet the less stringent "well-founded fear" standard for asylum necessarily fails to establish eligibility for withholding of removal or protection under the CAT.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005); *D-Muhumed*, 388 F.3d at 819.

The record does not compel reversal of the BIA's asylum determination. First, Arevalo's credible testimony that a gang threatened his household on a single occasion was insufficient to establish past persecution. Second, substantial evidence supported a conclusion that Arevalo was not targeted on account of his family membership, but was instead targeted for money, because he credibly testified that (1) the gang threatened harm only if he did not repay money that his brother had stolen; (2) the gang specifically threatened him because he was the primary income earner; (3) the gang killed his uncle because his uncle failed to repay the stolen money; (4) the gang threatened his entire household, which included not only blood relatives, but also his common-law wife; and, (5) the gang did not contact or threaten his siblings living elsewhere in El Salvador. Third, substantial evidence supported a conclusion that Arevalo did not have a well-founded fear of future persecution because he credibly testified that, after he left the country, the gang had not contacted any member of his former household or his siblings living in El Salvador. Because substantial evidence supported the BIA's determination that Arevalo did not show a well-founded fear of future harm for asylum, the BIA also did not err in concluding that Arevalo failed to satisfy the more stringent standard for withholding or removal and CAT protection.

**PETITION DENIED.**

7